FARMERS' SAVINGS BANK OF BARNES CITY, IOWA, v. BABB.

Circuit Court of Appeals, Eighth Circuit.
October 22, 1928.

No. 8034.

Thomas J. Bray, of Oskaloosa, Iowa, and Clyde McFarlin, of Montezuma, Iowa, for appellant.

R. W. Boyd, of Montezuma, Iowa, for appellee.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. The question involved in this appeal is whether the discharge of the bankrupt was properly granted. The application for the petition to discharge was duly filed by the bankrupt and one of the creditors interposed objections: First, that the bankrupt had knowingly and fraudulently made a false oath in the proceedings in stating in one of the schedules that he was in-

debted to William Tindell on a promissory note for $1,500; second, that the bankrupt had made fraudulent conveyances, in that he had executed two chattel mortgages to William Tindell with intent to hinder and delay his creditors.

The matter was referred to the special master in chancery. He found that there was no intent on the part of the bankrupt to deceive and defraud his creditors; that there was no evidence to prove that the bankrupt had made a false oath; and a discharge was recommended. Exceptions and objections were taken by the creditors to this report, and thereafter the court referred the whole matter to a general master in chancery. This master took the matter up on the record made before the referee, and also the record made before the special master, and made findings of fact and conclusions, stating that the evidence did not sustain the charge of a false oath, nor the charge that the bankrupt had made conveyances with intent to defraud his creditors. This general master therefore recommended that this bankrupt be discharged.

Exceptions and objections were taken to this report of the master and presented to the trial court. The court confirmed the findings of the master and ordered the discharge of the bankrupt. On this order the present appeal is taken.

We have examined the evidence, and without going into it in detail, find that it is sufficient to say that we are of the opinion the court below was right in allowing the discharge. We think the evidence shows that the promissory note had a valid consideration and that there was no sufficient evidence to warrant a finding of a false oath on the part of the bankrupt. It is probably true that the bankrupt by making the chattel mortgages intended to give a preference to the creditor Tindell, but this is quite different to making a fraudulent conveyance with intent to hinder, delay, and defraud creditors, and we are of the opinion the order granting the discharge was right and must be affirmed.